## L. H. LEWIS v. BRIDGET RATTIGAN.

**APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.**

Argued October 29, 1890—Decided November 10, 1890.

An inaccuracy in referring to the testimony of a witness, in a charge to the jury, where the error was too slight to do harm to the appellant, shows no ground for a reversal.

Charge of Court below.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 71 October Term 1890, Sup. Ct.; court below, No. 565 January Term 1889, C. P. No. 2.

On January 7, 1889, a summons was served in ejectment brought by Lewis H. Lewis against Bridget Rattigan, to recover a strip of ground in the borough of Homestead, nine inches in width and thirty-five feet in length.

At the trial on October 22, 1889, it was made to appear that the controversy was as to the true boundary line between lot 74, owned by the defendant, and lot 75 owned by the plaintiff.

Charles A. Cooper, a surveyor, called for the plaintiff:

"Q. In making that survey, what did you do in the first place? A. I fixed the line of Fifth Avenue, as shown on the plan, and as fixed on the ground by buildings and by the street, as it has been approved, and then measured from Fifth Avenue up to this lot line. The distance from Fifth Avenue along Heisel street is 220 feet, and along the alley it is 220 feet, eleven feet from Fifth Avenue. I marked this line that divides lots 74 and 75, and located the houses in a general way on the sketch that is shown here by the dotted lines.

"Q. By the court: Are there houses that mark this line? A. There are houses there on Fifth Avenue, yes, sir; lots 69 to 72 front on Fifth Avenue, and run directly back to lot 73 on the original plan. . . . . A. The house that stands on lot 74 at Heisel street, is over on lot 75 five inches. There are two houses on lot 74, one at each end of the lot. There is a frame house standing on lot 75 fronting on the alley; it stands about ten inches on its own ground at the time I made the survey. The house that was on lot 74 was being moved, and was not entirely up to this house which was over on lot 75, but there was still a little space between the houses, which was, I think, about six or eight inches over on lot 75, and was in process of being moved."

The witness was subsequently recalled and examined further.

At the close of the testimony, the court in charging the jury said:

[Mr. Cooper says he fixed the line of Fifth Avenue, which he

Syllabus.

found by a stake on Heisel street, and found the line of houses, with perhaps some other stakes, and says there is no difficulty in fixing the line of Fifth Avenue, and he measured the same measurement that Mr. Wolf had done, although he says he did not know there had been any measurement by Mr. Wolf.] [1]

—The jury returned a verdict for the plaintiff for the ground in dispute. A rule for a new trial having been discharged, judgment was entered, when the defendant took this appeal, specifying that the court erred:

1. In summing up the evidence produced by plaintiff, in the part of the charge embraced in [  ] [1]

*Mr. John F. Cox*, for the appellant.

*Mr. S. A. Will*, for the appellee.

PER CURIAM:

The only complaint here is that the learned judge below committed a slight inaccuracy in referring to the testimony of Mr. Cooper. It was too slight, however, to have done the appellants any injury, and we do not reverse for harmless errors.

Judgment affirmed.